IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 6:14-CR-41 |
| | § | Judge Davis |
| RENAULT LANSING KAY (02) | § | |
|    a/k/a "Nault Pete" | § | |
|    a/k/a "Chocolate" | § | |

## PLEA AGREEMENT

The defendant, **Renault Lansing Kay, a/k/a "Nault Pete," a/k/a "Chocolate,"** the defendant's attorney, **Guy L. Womack**, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT:** The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY:** The defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the indictment, but to a lesser-included charge as noted below. Count 1 charges a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and distribution of a mixture or substance

containing a detectable amount of methamphetamine. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The minimum and maximum penalties the Court can impose include:

   a. imprisonment for a term of not less than 5 years or more 40 years;

   b. a fine not to exceed $5,000,000;

   c. a term of supervised release of at least 4 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   e. forfeiture of property involved or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the plea entered pursuant to this

agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5. **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

   a. The amount of controlled substances attributable to the defendant is at least 50 grams but less than 200 grams of a mixture or substance containing a detectable amount of methamphetamine.

   b. A reduction of two levels to the base offense level pursuant to the January 17, 2014, proposed amendments to U.S.S.G. § 2D1.1.

   c. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

6. **ADDITIONAL CONSIDERATION**: The parties have reviewed the United States Sentencing Commission's proposed amendments to Section 2D1.1 of the

sentencing guidelines, dated January 17, 2014. The proposal, if adopted, would have the effect of lowering by two levels the base offense levels associated with various drug quantities involved in drug trafficking offenses. If the Commission adopts the amendment, absent action by Congress to the contrary, the amendment will become effective on November 1, 2014. Consistent with this proposed amendment, the parties agree that a relevant drug quantity adjustment is appropriate. In return, the defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the two-level reduction in the event the two-level reduction is adopted and made retroactive by the Sentencing Commission.

7. **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

8. **ABANDONMENT/FORFEITURE**: The defendant agrees to voluntarily abandon all rights and claims to the following property:

**Real Property**

a. Approximately 20.5 acres located in the O. Hawkins Abstract #A0421 Smith County Appraisal District Account #1-00000-0421-00-010020.

b. Approximately 18.24 acres located in the J. Sanders Abstract #A0918 Smith County Appraisal District Account #1-00000-0918-00-002010.

c. Approximately 39.23 acres located in the J. Sanders Abstract #A0918 Smith County Appraisal District Account #1-00000-0918-00-002000.

d. Approximately 39.23 acres located in the J. Sanders Abstract #A0918 Smith County Appraisal District Account #1-00000-0918-00-002020.

e. Approximately 28.36 acres located in the O. Hawkins Abstract #A0421 Smith County Appraisal District Account #1-00000-0421-00-010000.

The defendant also agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property, which is subject to forfeiture pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461:

**U.S. Currency**

$500 in U.S. currency seized from 3015 Rhinehart Street, Tyler, Texas.

**Cash Proceeds**

$15,000.00 in United States currency and all interest and proceeds traceable thereto. The defendant acknowledges that such sum in aggregate is property constituting or derived from proceeds obtained directly or indirectly as the result of the offenses described in this plea agreement.

The defendant agrees that the above-described property is subject to forfeiture to the government pursuant to the aforementioned statute. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or

otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

9. **DEFENDANT'S COOPERATION**: The defendant shall give truthful and complete information and/or testimony concerning the defendant's participation in the offense of conviction and knowledge of other criminal activities. The defendant shall not violate any other state or federal law or take any actions that would obstruct the government's investigation into the offense of conviction or other criminal activities of which the defendant has knowledge. The defendant understands that intentionally providing false information or testimony to implicate an innocent person in the commission of a crime, or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative, will be a material violation of this agreement. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant also agrees to comply with all relevant orders and rules of the Court. The government will advise the Court of the extent of the defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph 2 above and for any other federal offenses that the defendant may have committed. Additionally, upon such failure, the government may use any of the defendant's statements or leads derived therefrom against the defendant in any proceeding.

10. **SUBSTANTIAL ASSISTANCE**: If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement, the government may file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a

Plea Agreement – Page 7

motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive.**

11. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

12. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

13. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

14. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order

Plea Agreement – Page 8

of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

15. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

17. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be

construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

18. **ENTIRETY OF AGREEMENT:** The defendant, the defendant's attorney, and the government acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

Dated: 10/20/14

_____
L. Frank Coan, Jr.
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 20 OCT 14

_____
Renault Lansing Kay
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 20 OCT 14

_____
Guy L. Womack
Attorney for Defendant